## No. 8167.

### MATHILDE VAN CREELEN VS. THE MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY.

A stipulation in a policy of life insurance, issued by a Massachusetts company, that the unpaid portion of the year's premium shall always be considered as an indebtedness to the company and that the failure of the insured to pay any instalment of premium when due shall operate a forfeiture of the policy, except as provided in Chapter 186, Laws of the Commonwealth of Massachusetts, approved April 10th, 1861, does not violate the provisions of that statute. · Under such a contract the amount of the unpaid premium must be deducted from the net value of the policy at the date that the premium becomes due and is not paid, in ascertaining the net single premium remaining to the credit of the insured, and intended by the Statute to carry a temporary insurance, notwithstanding his failure to pay the stipulated instalment of premium when it became due.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe*, J.

---

*J. C. Egan* and *O. N. Ogden* for Plaintiff and Appellant.

*Merrick, Foster & Merrick* for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff brings this suit as beneficiary of a policy of

insurance, issued by the defendant on October 2d, 1877, for five thousand dollars, on the life of her husband, Oscar L. Van Creelen, who died on the 29th of August, 1878.

Among other defenses the Insurance Company urges that the policy lapsed for non-payment of the stipulated premium due on the 2d of April, 1878.

Plaintiff admits the non-payment of the premium as alleged, but contends that the policy was kept alive and in full force up to and beyond the time of the death of her husband, under the provisions of Chapter 186 of the General Statutes of Massachusetts, approved on April 10th, 1861, providing for the non-forfeiture of policies of insurance for non-payment of the premiums thereon.

The judgment of the lower court rejected plaintiff's demand, and she prosecutes the present appeal.

The Statute of Massachusetts invoked by plaintiff, a special reference to which is made in the policy, reads as follows:

1. "No policy of insurance on life hereafter issued by any company, chartered by the authority of this commonwealth, shall be forfeited or become void by the *non-payment of premium* thereon, any further than regards the right of the party insured therein to have it continued in force beyond a certain period, to be determined as follows, to-wit: The net value of the policy when the premium becomes due and is not paid shall be ascertained according to the ' combined experience,' or ' actuaries' rate of mortality, with interest at four per cent. per annum. After deducting from such net value any indebtedness to the company, or notes held by the company against the insured, which notes, if given for premium, shall then be cancelled, four-fifths of what remains shall be considered as a net single premium of temporary insurance, and the term for which it will insure shall be determined according to the age of the party at the time of the lapse of premium, and the assumption of mortality and interest aforesaid."

2. "If the death of the party occur within the term of temporary insurance covered by the value of the policy, as determined in the previous section, and if no condition of the insurance other than the payment of premium shall have been violated by the insured, the company shall be bound to pay the amount of the policy the same as if there had been no lapse of premium, anything in the policy to the contrary notwithstanding."

Defendant recognizes the full force and binding effect of this law as forming part of its contract with the deceased, but contends that under a proper construction of the contract, in the light of this legislation, plaintiff's claim must be defeated and rejected.

The contract stipulates that the policy was issued in consideration

of an annual premium of $155.36, to be paid in consecutive semi-annual instalments on or before the 2d of October and April each and every year during the continuance of this policy, and contains, among others, the following conditions:

" That this policy shall not take effect until the advance premium hereon shall have been paid during the lifetime of the person whose life is hereby insured, and that if any subsequent premium or instalment of premium on this policy shall not be paid on or before the day when due, then this policy shall cease and determine, except as provided in Chapter 186, Laws of the Commonwealth of Massachusetts, approved April 10, 1861, under the provisions of which law this contract is made."

" That no premium or instalment of premium shall be considered as paid unless a receipt shall have been given therefor at the time of payment duly signed by the President or Secretary of said Company, and that in case the annual premium is not all paid at the beginning of the year, the unpaid portion of the year's premium shall always be considered as an indebtedness to the Company."

Plaintiff's contention is, that in ascertaining the net value of the policy on the 2d of April, 1878, when the premium became due, under the rules of the " combined experience," or " actuaries," as provided for in the Statute, the amount of the unpaid premium cannot be considered as a debt due by the insured to the Company, and must not be deducted from the net value of the policy as ascertained under the directions above mentioned.

Defendant, on the other hand, maintains that such unpaid instalment is specially declared in the contract to be an indebtedness which must, under the law, be deducted from the net value of the policy before determining the net single premium of temporary insurance left to the credit of the insured.

This construction is clearly supported by the plain and unambiguous stipulations of the contract quoted above, and it must prevail unless it be shown, as plaintiff contends, that that condition is violative of the Statute of Massachusetts, regulating the contract, and now under consideration.

Calculations made by several experts, under the theory advanced by the defendant, show that on the 2d of April, 1878, the net value of the policy was $95.22, from which must be deducted the amount of the unpaid premium, $77.68, leaving a balance of $17.54, four-fifths of which would, under the provisions of the law, be the single net premium to the credit of the insured, and would have carried his temporary insurance to the 14th of July, 1878, and that, therefore, it follows

that the policy had lapsed and was of no value when the insured died on August 29th, 1878.

Barring the basis on which deduction is made of the unpaid premium, plaintiff does not contest the correctness of the experts' calculations. Her contention is that, under the contract, her husband's life was insured for six months; after which the net value of the policy, which should be subjected to no deduction, because there was no indebtedness to the Company, formed a net single premium of temporary insurance, in consideration of which the policy would have been left alive far beyond the date of her husband's death.

As we read the contract we understand that the insured had bound himself to pay an annual premium of $155.36, to be paid in equal semi-annual instalments, and that he unequivocally covenanted and agreed that in case the annual premium is not all paid at the beginning of the year, the unpaid premium *shall always be considered as an indebtedness to the Company.*

Turning to the Statute, we find therein a provision to the effect that notes held by the Company against the insured, *if given for premium*, must be deducted, as indebtedness, from the net value of the policy.

This provision certainly recognizes an unpaid instalment of premium as a debt of the insured to the Company, and we cannot sanction an interpretation limiting the form of the proof of such indebtedness to that of a promissory note. A solemn promise or obligation to pay a sum of money at a stipulated time, evidenced by an instrument in writing, such as a contract of insurance, is as binding on the obligor as the same promise evidenced by a promissory note.

We are at a total loss to discern the slightest difference between the obligation resulting from such a contract and that resulting from the promise to pay in a promissory note. Both are unmistakable evidences of indebtedness, and both must be held as included in the expression used in the Statute. Our conclusion is not only supported by reason and law, but is in keeping with the interpretation of the Statute adopted by the Supreme Court of Massachusetts in two cases involving the proper construction of the Statute which we are now considering. It stands to reason that such authority, if not conclusive, is at least entitled to very great weight in the determination of the issue presented in this case.

In the case of Pitt, Administratrix, vs. Berkshire Life Insurance Co., reported in 100 of Massachusetts, page 500, the policy contained a statement that the full amount of the annual premium had been paid, but in point of fact the total amount of the premium was not then paid, but a portion only was paid, and the balance was represented by promissory notes of the insured, which he failed to pay at maturity.

The policy contained the clause of forfeiture for non-payment of premium, in so far as not modified by the statement in question. The Court held that the indebtedness of the insured to the Company, evidenced by the premium notes, should be deducted from the net value of the policy before ascertaining the net single premium of temporary insurance to his credit.

The same ruling was made in the case of Bigelow vs. State Mutual Life Assurance Association, 123 Mass. 113, presenting the same issue as the preceding case, which was formally reaffirmed. It is worthy of note that the statement contained in the policy that the first annual premium had been paid in full, when, in point of fact, a portion of the same was represented by promissory notes, presented a difficulty in those cases which is not met in our case, where the agreement to pay semi-annually appears on the face of the contract, and in which the amount due in April, 1878, forms part of and is identified with the contract of insurance.

In support of her theory plaintiff relies exclusively on a decision reported in 73 New York Reports, p. 480, in the case of Goodwin vs. this defendant.

We are satisfied, from the statement of facts in that opinion, that the policy sued upon in that case did not contain the same clauses, and did not therefore evidence a similar contract to those contained and shown by the policy in this case; and hence, we conclude that the case is not applicable to the issue with which we are now concerned.

But we would not hesitate, in case of conflict between that case and those reported from the Supreme Court of Massachusetts, in which the Court interpreted a Statute of their own State, to be guided by the latter.

The judgment appealed from is, therefore, affirmed with costs.

Rehearing refused.